**FENG LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–2178–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2011.

Feng Li, Moslemi and Associates, Inc., New York, N.Y., for Petitioner.

Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Nairi S. Gruzenski, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT A. KATZMANN, B.D. PARKER, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Feng Lin, a native and citizen of the People's Republic of China, seeks review of the May 4, 2010 order of the BIA affirming the July 31, 2008 decision of Immigration Judge ("IJ") Thomas J. Mulligan

denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin*, No. A089 252 791 (B.I.A. May 4, 2010), *aff'g* No. A089 252 791 (Immigr. Ct. N.Y. City July 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, where "the BIA agrees with the IJ's conclusion that a petitioner is not credible," we "review both the BIA's and IJ's opinions." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005)(per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008)(per curiam).

Although we generally afford "particular deference" to an IJ's assessment of an applicant's demeanor, *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir.2005), we have never held that a demeanor finding alone is substantial evidence sufficient to support an adverse credibility determination, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir.2006) (holding that "we can be [ ] more confident in our review of observations about an applicant's demeanor where ... they are supported by specific examples of inconsistent testimony"); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004) ("Although credibility determinations are entitled to the same deference on review as other factual determinations, the fact that the [agency] has relied primarily on credibility grounds ... cannot insulate the decision from review."). Indeed, we have indicated in other cases that certain factors standing alone, including demeanor, may not be sufficient to support an IJ's denial of relief. *See Diallo v. Holder*, 399 Fed.Appx. 678 (2d Cir.2010) (summary order) (granting petition where IJ's adverse credibility determination was based solely on applicant's demeanor); *cf. Kone v. Holder*, 596 F.3d 141, 148 (2d Cir.2010) (holding that voluntary trips back to one's home country, standing alone, do not suggest either any fundamental change in circumstances or the possibility of internal relocation); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (holding that a failure to corroborate one's testimony with supporting evidence cannot form the sole basis for an adverse credibility determination).

In finding Lin not credible, the IJ based his determination primarily on Lin's demeanor, and, although the IJ noted that Lin exhibited a particularly nervous demeanor, the IJ did not point to any specific portions of inconsistent testimony or anything in the record to support the demeanor finding. Although the IJ additionally noted that Lin testified that his mother attempted to obtain his medical records in China, but failed to include that information in her initial letter or submit any subsequent statement, the IJ emphasized that he was giving that omission or lack of corroboration limited weight and that the adverse credibility determination was based primarily on the negative demeanor finding. Because the BIA has not addressed whether a demeanor finding can form the sole or primary basis for an adverse credibility determination when the finding is not tied to any particular testimony, *see, e.g., In re A–S–*, 21 I. & N. Dec. 1106, 1111–12 (B.I.A.1998); *In re B–*, 21 I. & N. Dec. 66, 70 (B.I.A.1995), and when the only other ground is an omission that the IJ acknowledged was being given reduced weight, we remand for the BIA to address the issue in the first instance.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMAND-

ED for further proceedings consistent with this Order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot